JAMES BRISTOL v. HENRY SCHULTZ and Others.[1]

HENRY SCHULTZ v. JAMES BRISTOL.

April 30, 1897.

Nos. 10,433—(74).

**Appeal—Review of Evidence—New Trial.**

    *Held*, the decision of the court below is sustained by the evidence, and the court did not abuse its discretion in denying a motion for a new trial on the grounds of surprise and newly-discovered evidence.

An action by James Bristol, as executor, against Henry Schultz and wife to foreclose a mortgage, and one by Schultz and wife to cancel the same on the ground that it had been paid in full, were consolidated, and tried together in the district court for Washington county before

[1] Reported in 70 N. W. 872.

Williston, J. From a judgment based on a finding that the alleged payment had been made, but directing a foreclosure for a small balance due and from an order refusing a new trial the plaintiff executor appeals. Affirmed.

*F. W. Gail,* for appellant.

*Fayette Marsh,* for respondent.

CANTY, J. The only issue in this case was whether a certain mortgage had been paid by the mortgagor, the defendant Schultz. On the trial before the court without a jury, the court found that it had been paid except a balance of $38.14, for which judgment of foreclosure was ordered. Plaintiff moved for a new trial on several grounds, and appeals from an order denying the motion.

1. The claim that the decision is not sustained by the evidence is untenable. Schultz testified that he paid the money to the mortgagor's agent, whose authority to receive it is not questioned, and several other witnesses testified that they were present and saw the money paid. Whether or not, under the circumstances, this evidence is worthy of belief, was a question exclusively for the trial court.

2. Neither can we hold that the court below abused its discretion in refusing to grant plaintiff a new trial on the grounds of surprise and newly-discovered evidence. The plaintiff executor, on the trial, called a witness who testified contrary to plaintiff's expectations, and thereafter, in support of the motion for a new trial, made an affidavit contradicting such testimony on a material point. It was for the court below to determine whether the first or the last statement of this witness is true. The only other newly-discovered evidence presented as a ground for a new trial was as to the act of the defendant, Schultz, in paying the loan agent O'Shaughnessy his commission for a new loan for which he applied, for the purpose, it is claimed, of paying off the old loan. Schultz made this payment after the trial, and, conceding that this act had some slight tendency to impeach or contradict certain of his statements made on the trial, still, under all the circumstances, the evidence of this act would be of but little weight in a new trial.

These are the only points raised worthy of consideration, and the order appealed from is affirmed.